# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TYRONE TILEPHUS REID,

        Petitioner,                      Case Number: 2:09-CV-11942

v.                                              HONORABLE PAUL D. BORMAN

MITCH PERRY,

        Respondent.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

      Petitioner Tyrone Tilephus Reid is a state inmate at the Newberry Correctional Facility in Newberry, Michigan.  He has filed a *pro se* petition for a writ of habeas corpus.  Because the Court cannot discern the conviction Petitioner challenges or the grounds on which he seeks habeas corpus relief, the Court summarily dismisses the petition.

      Rule 4, Rules Governing Section 2254 Cases, provides that a district court may enter an order for the summary dismissal of a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."  A petition may be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (internal citations omitted).  "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted).  *See also Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) ("A petition for a writ of habeas corpus must set forth facts that give rise

to a cause of action under federal law or it may summarily be dismissed.").

Petitioner fails to identify the conviction challenged in the pending petition. He references two previous habeas petitions filed in the Eastern District, but fails to state whether the current petition challenges one of the same convictions challenged in the previously filed petitions or is unrelated to those petitions. Petitioner also fails to identify the issues he raises in the pending petition. Thus, the Court cannot determine the nature of Petitioner's habeas claims.

The Court, therefore, **DISMISSES** the petition for a writ of habeas corpus.

**SO ORDERED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: June 25, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 25, 2009.

S/Denise Goodine
Case Manager